## Ziegler, etc., et al. v. Lindenmuth

*Alfred Hettinger*, for plaintiffs.

*Howard Yarus*, for defendant.

DIEFENDERFER, J., September 17, 1951.—Ronald Ziegler, a minor, by Charles Ziegler, his guardian and Charles Ziegler, individually, instituted action against Raymond C. Lindenmuth. Additional defendants, National Bangor Slate Company and Peter Korell, were added by defendant, Raymond C. Lindenmuth.

Preliminary objections were filed by defendant, Raymond C. Lindenmuth, raising two questions.

The first objection relates to Rules 1020(*b*), 1041 and 1044 of the Rules of Civil Procedure. The question

concerns the failure to use separate counts for separate causes of action.

After an examination of paragraphs 11 and 12, the court is of the opinion that plaintiffs have complied sufficiently, but not any too clearly, with the aforementioned rules of court.

The second objection is raised by defendant pursuant to rule 2228(b) in which defendant claims the minor son and father cannot institute this suit without joining the mother of the minor. Rule 2228(b) provides as follows:

"(b) If an injury, not resulting in death, is inflicted upon the person of a minor, and causes of action therefor accrue to the minor and also to the parent or parents of the minor, they shall be enforced in one action brought by the parent or parents and the child. Either parent may sue therefor in the name of both; but if the parents live apart the action shall be brought by the parent having the custody of the child and the control of its services. Adopted June 7, 1940. Eff. Feb. 5, 1941."

If the wife, or mother of the minor, has an action or claim in this case she may be joined as a party plaintiff. If she does not desire to prove her claim there is no rule compelling her to become a party plaintiff. The claim of the husband and wife are separate and distinct causes of action and, assuming that they arise from the same factual background and the greater part of the proof is the same as the proof in the other, then they are required to enforce their respective causes of action against defendant.

See Anderson Pennsylvania Civil Practice, vol. 4, page 379:

"The failure of husband and wife or parents and child to both join in the first action is not such a defect in that action as prevents either spouse alone or child or parent alone from bringing suit. The defendant

cannot object to the first suit brought by the one against him on the ground that the other has not joined as required by Rule 2228. The only remedy given the defendant is the right to bar a second suit brought by the person who did not join in the first action. If the defendant gives the person failing to join in the original action such notice of the pendency of the action as the court shall prescribe by general rule or special order, the missing person may not thereafter bring an action on the claim which he could have joined in the first action. The rule expressly requires the giving of notice in order to bar the missing person."

See also Anderson Pennsylvania Civil Practice, vol. 4, page 309—Joinder of Husband and Wife.

From examination of plaintiffs' statement of claim there appear to be items claimed by the mother of the child. It would therefore appear to be advisable if plaintiffs decided to prove and establish their proof to have her join as a party plaintiff. If she does not desire to prove her claim, and there may be legal questions as to its proof, she may eventually be barred from proving her own claim for the nursing of her minor son.

In the final analysis plaintiffs must decide whether or not the claim of the mother of the minor should be made in the mother's name or whether or not she can act through her husband and establish a legal and valid claim through him for nursing. It would seem wise to have the mother join as a party plaintiff in this case.

And now, to wit, September 17, 1951, the preliminary objections filed herein are dismissed, but with the right to plaintiffs to file an amended statement or claim, including the mother of the minor as a party plaintiff, if they so desire, within 20 days hereof. Otherwise, the case to proceed in accordance with the rules of court.